795 S.E.2d 871

**SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,**

**v.**

**Tiada NELSON, Mark Peace, and John Doe, Defendants,**

**Of whom Tiada Nelson is the Appellant.**

**In the interest of minors under the age of eighteen.**

**Appellate Case No. 2016-000457**
**Opinion No. 5463**

Court of Appeals of South Carolina.

Submitted November 30, 2016
Filed December 30, 2016

Carla Faye Grabert-Lowenstein, of Law Office of Carla Faye Grabert-Lowenstein LLC, of Conway, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Laurel Ammons Hayes, of Dillon, for Guardian ad Litem.

PER CURIAM:

Tiada Nelson (Mother) appeals the family court's order terminating her parental rights to her three minor children. On appeal, Mother argues the family court erred in (1) denying her motion for a continuance, (2) finding clear and convincing evidence supported the statutory grounds for termination of parental rights (TPR), and (3) finding TPR was in the children's best interest. We reverse and remand for a new permanency planning hearing.[1]

## FACTS/PROCEDURAL HISTORY

Mother's three minor children were born in 2001, 2008, and 2012. In September 2013, the children were removed from Mother's care. At the time of removal, Mother and the children resided with Mother's sister in a roach-infested home without running water, lights, or food. The family court held a merits hearing on October 24, 2013. Following the hearing, the family court ordered Mother to complete a placement plan; however, the record does not indicate what the placement plan required Mother to do.

On July 9, 2015, the family court held a TPR hearing. Prior to the hearing, Mother requested a continuance, arguing she was "making strides" and "in a short amount of time[,] this would not end up being a TPR case." However, the family court denied her request because the children had been in the Department of Social Services' (DSS) care for approximately twenty-two months.

At the TPR hearing, Robert Thompson, the DSS caseworker, testified Mother completed some of her placement plan but had not maintained stable housing and verifiable employment. Thompson did not explain the other requirements of Mother's treatment plan or specify which requirements Mother had completed.

Thompson testified the children were placed at Crosswell Children's Home following the removal and they lived there at the time of the TPR hearing. He stated Mother visited the children and occasionally brought them items when she visit-

---

1. The record on appeal from the TPR hearing is only forty-one pages. The learned family court judge was presented with a record too sparse to allow him to make a full decision to a clear and convincing standard.

ed. He claimed the children "constantly ask[ed] [Mother] if she [was] complying with [DSS], and they [were] aware of the possibility of what may happen if [Mother] d[id] not comply." Additionally, Thompson testified the children had another sibling who was born after the removal. Although Thompson believed the sibling initially stayed with an alternative caregiver, he stated the sibling lived with Mother at the time of the TPR hearing. Thompson believed the children were adoptable, and he testified that a relative had been approved to adopt two of the children. Thompson believed TPR was in the best interest of the children. He did not otherwise elaborate on the children's current condition or their relationship with Mother.

The Guardian ad Litem (GAL) did not testify or submit a report into evidence.[2] It was only the statement of her attorney to the family court that provided the GAL's belief that TPR was in the children's best interest.

In its final order, the family court found clear and convincing evidence supported TPR on the following grounds: (1) failure to remedy the conditions that caused the removal; (2) the children were harmed, and due to the severity or repetition of the abuse or neglect, it was not reasonably likely Mother's home could be made safe within twelve months; (3) failure to support; and (4) the children had been in foster care for fifteen of the most recent twenty-two months. Additionally, the family court found TPR was in the children's best interest. This appeal followed.

**STANDARD OF REVIEW**

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lewis v. Lewis*, 392 S.C. 381, 384–85, 709 S.E.2d 650, 651–52 (2011).

---

2. The only GAL report included in the record was dated April 7, 2016; this report was submitted at a permanency planning hearing after Mother's rights were terminated. After this court requested a copy of the GAL report submitted at the TPR hearing, Mother's attorney indicated, "There is no new GAL su[pple]mental report to share."

## LAW/ANALYSIS

### I. Statutory Grounds

■ Mother argues the family court erred in finding clear and convincing evidence supported the statutory grounds for TPR. We disagree.

■ The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63–7–2570 (Supp. 2016). "Because terminating the legal relationship between natural parents and a child is one of the most difficult issues an appellate court has to decide, great caution must be exercised in reviewing termination proceedings and termination is proper only when the evidence clearly and convincingly mandates such a result." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 455, 639 S.E.2d 165, 168 (Ct. App. 2006).

We find DSS presented clear and convincing evidence to prove at least one statutory ground for TPR. A statutory ground for TPR is met when a child has been in the State's care for fifteen of the most recent twenty-two months. § 63–7–2570(8). Here, the children were removed in September 2013 and remained in DSS's care through the date of the TPR hearing, July 9, 2015—approximately twenty-two months. Further, the evidence does not show, and Mother does not claim, the delay was caused by DSS. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find that severance is in the best interests of the child, and that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). Thus, we find DSS proved a statutory ground for TPR.[3]

---

3. We decline to address whether clear and convincing evidence supports the remaining statutory grounds. *See Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating when the record contains clear and convincing evidence to affirm TPR on one ground, the appellate courts may decline to address any remaining TPR grounds on appeal).

## II. Best Interest

■ Mother argues the family court erred in finding TPR was in the children's best interest. We agree this limited record does not support such a finding.

■ "In a [TPR] case, the best interest[ ] of the children [is] the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). Although Thompson testified he believed TPR was in the children's best interest, he did not elaborate on their current condition or their relationship with Mother. Even more troubling, however, is the fact that the GAL—the individual responsible for conducting an independent investigation and protecting the interests of the child—did not testify or submit a report. *See* S.C. Code Ann. § 63–11–510 (2010) (stating the responsibilities and duties of a guardian ad litem include (1) representing a child's best interest; (2) advocating for the welfare and rights of a child in an abuse or neglect proceeding; (3) conducting an independent assessment of the facts, the needs of the child, and the available resources within the family and community to meet those needs; (4) maintaining a case record; (5) providing the family court with a written report, which includes an evaluation and assessment of the issues and recommendations for the case plan, the wishes of the child, if appropriate, and subsequent disposition of the case; (6) monitoring the compliance with family court orders and making motions to enforce the orders if necessary; and (7) protecting and promoting the best interest of a child). In *Patel v. Patel*, our supreme court explained, "The GAL functions as a representative of the court, appointed to assist the court in making its determination of custody by advocating for the best interest of the children and providing the court with an objective view." 347 S.C. 281, 287, 555 S.E.2d 386, 389 (2001). Without testimony from the GAL or a GAL report, the family court did not have an independent assessment of the children's needs or their bonding with Mother. The only evidence in the record regarding the children's bond with Mother was the DSS caseworker's testimony that the children "constantly ask[ed] whether [Mother] was complying with [DSS], and they

[were] aware of the possibility of what may happen if [Mother] did not comply." The children's interest in Mother's progress coupled with the fact they were in a group home and not a preadoptive home suggests TPR may not be in their best interest. Finally, Mother had another child in the home, and evidence did not show she was unable to care for that child. Thus, we find the record before us does not support finding TPR was in children's best interest.[4]

## CONCLUSION

We reverse the family court's TPR as to Mother and remand this case to the family court for a permanency planning hearing in conformity with section 63–7–1700 of the South Carolina Code (Supp. 2016). A permanency planning hearing will allow the parties and the GAL to update the family court on what has occurred since the TPR hearing. We urge the family court to conduct a hearing as expeditiously as possible, including presentation of a new GAL report and an updated home evaluation of Mother's home. If necessary, the family court may change custody, modify visitation, and approve a treatment plan offering additional services to Mother.

**REVERSED AND REMANDED.**[5]

LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.

---

4. Because this finding is dispositive, we decline to address Mother's issue regarding the denial of her request for a continuance. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when decision regarding a prior issue is dispositive).

5. We decide this case without oral argument pursuant to Rule 215, SCACR.