**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jessica Rownd and Christopher Bass, Defendants,

Of whom Christopher Bass is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2017-000023

Appeal From Dillon County
Cely Anne Brigman, Family Court Judge

Unpublished Opinion No. 2017-UP-348
Submitted July 26, 2017 – Filed August 22, 2017

**REVERSED AND REMANDED**

Sally Ward Peace, of Sally Ward Peace, PA, of Conway,
for Appellant.

Steven Willard Fowler, of North Myrtle Beach, as the
Guardian ad litem for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Laurel Ammons Hayes, of Dillon, for the Guardian ad Litem for the minor.

———————————

**PER CURIAM:** Christopher Bass (Father) appeals the family court's order terminating his parental rights to his minor child (Child).[1] On appeal, Father argues clear and convincing evidence does not support the statutory grounds for termination of parental rights (TPR). Father also argues TPR is not in Child's best interest. We reverse and remand.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2016). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence supports TPR based on Child being in foster care for fifteen of the most recent twenty-two months. *See* S.C. Code Ann. § 63-7-2570(8) (Supp. 2016) ("The family court may order [TPR] upon a finding . . . [t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months."). The Department of Social Services (DSS) presented evidence Child entered foster care on May 1, 2015, and remained in foster care continuously through the TPR hearing on November 3, 2016. Additionally, there was no evidence DSS prolonged Child's stay in foster care. *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-

———————————

[1] The family court also terminated the parental rights of Blake Parks and John Doe but neither appealed.

7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find that severance is in the best interests of the child, and that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). Accordingly, this court finds clear and convincing evidence showed Child was in foster care fifteen of the most recent twenty-two months.[2]

However, we find the record does not contain information that is critical for evaluating best interest. "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ." S.C. Code Ann. § 63-7-2510 (2010). In a TPR case, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interest[] of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). Here, Father did not cause Child's removal. Father was unable to provide or care for Child while incarcerated, but at the time of his incarceration, Father did not know Mother was pregnant. At the time of the TPR hearing, Father had not been convicted of the charge for which he was incarcerated. Father demonstrated a desire to improve himself and Child's life through completion of his high school diploma and his involvement in Cornerstone Ministries. Father's efforts to have Child placed with Child's paternal grandmother and his requests for photos and visitation with Child show his interest in being a father to Child. Additionally, Father testified he had a home for Child and a job to return to upon his release. We find the disposition of Father's criminal charge and his resulting sentence are critical information for evaluating Child's best interest.

Moreover, we note the GAL did not interview Father. *See* S.C. Code § 63-3-830 (2010) ("An investigation must include, but is not limited to . . . (d) interviewing parents . . . ."). In other cases, this court has expressed confusion about how a GAL can recommend TPR without talking to a parent. *See Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 103, 627 S.E.2d 765, 774 (Ct. App. 2006) ("Child's GAL recommended terminating Father's parental rights without talking to Child

---

[2] Because we find clear and convincing evidence supports this ground, we decline to address the remaining TPR ground. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address additional grounds for TPR when clear and convincing evidence justified TPR on another ground).

about Father's existence and without talking to Father at all. Under these circumstances, we do not understand how Child's GAL can recommend TPR without any investigation into the situation between Child and his natural father."); *cf. S.C. Dep't of Soc. Servs. v. Nelson*, 419 S.C. 142, 147, 795 S.E.2d 871, 874 (Ct. App. 2016) ("Without testimony from the GAL or a GAL report, the family court did not have an independent assessment of the children's needs or their bonding with Mother.").

Because of the foregoing and because Father was scheduled to dispose of his federal charge less than a month after the hearing, we find TPR was premature. Accordingly, we reverse and remand to the family court with instructions to reopen the record for additional testimony regarding the disposition of Father's criminal charges and a new GAL report. In light of the new information, the family court shall then consider whether TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Cochran*, 356 S.C. 413, 417, 419, 589 S.E.2d 753, 755-56 (2003) (stating "the central issue in this [TPR] case is whether mother's drug addiction is so enduring that she cannot parent her child" and reversing and remanding with leave to reopen the record to receive additional evidence "pertinent to a determination as to whether mother has overcome her drug addiction and to give DSS the opportunity to present a proper chain of custody for mother's blood samples"). We urge the family court to conduct a hearing as expeditiously as possible, including presentation of a new GAL report that reflects an interview of Father.

**REVERSED AND REMANDED.**[3]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.