**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jessica Nicole McLain and Jefferson Claude
Matthews-Floyd aka Jefferson Floyd, Defendants,

Of whom Jefferson Claude Matthews-Floyd aka
Jefferson Floyd is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2018-002099

———————————

Appeal From Chesterfield County
Michael S. Holt, Family Court Judge

———————————

Unpublished Opinion No. 2019-UP-280
Submitted July 15, 2019 – Filed August 2, 2019

———————————

**AFFIRMED**

———————————

Donae Alecia Minor, of Minor Law Offices LLC, of Fort
Mill, for Appellant.

Laura Jo Bardsley, of the South Carolina Department of
Social Services, of Florence, for Respondent.

C. Heath Ruffner, of McLeod & Ruffner, of Cheraw, for the Guardian ad Litem.

---

**PER CURIAM:** Jefferson Matthews-Floyd (Father) appeals the family court's order terminating his parental rights to his three minor children (Children). On appeal, Father concedes the South Carolina Department of Social Services (DSS) provided sufficient evidence to support at least one ground for the termination of parental rights (TPR).[1] However, Father argues the family court erred in finding TPR was in Children's best interest because (1) DSS failed to provide sufficient evidence of the viability of an adoptive resource or placement for Children and (2) the guardian ad litem (the GAL) did not observe Father interacting with Children. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court the family court erred in its findings. *Id*. The family court may order TPR upon finding one or more of the twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2018).

"In a [TPR] case, the best interests of the children are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] whe[n] children are abused, neglected, or abandoned in order

---

[1] *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (holding an "unappealed ruling is the law of the case and requires affirmance"); *id.* at 65, 624 S.E.2d at 654 (acknowledging "procedural rules are subservient to the court's duty to zealously guard the rights of minors" but "declin[ing] to exercise its discretion to avoid application of the procedural bar" (quoting *Joiner ex. Rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000))).

to protect the health and welfare of these children and make them eligible for adoption . . . ." S.C. Code Ann. § 63-7-2510 (2010). "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013).

As to Father's contention that the GAL was required to observe him interacting with Children before making a recommendation for TPR, we are unaware of any law that expressly requires this, and Father does not cite to any. The GAL is only required to make an independent assessment. *See* S.C. Code Ann. § 63-11-510(3) (2010) ("The responsibilities of and duties of a guardian ad litem are to: . . . conduct an independent assessment of the facts, the needs of the child, and the available resources within the family and community to meet those needs . . . ."). We note this court has been hesitant to grant TPR when the GAL did not submit a report, testify, or actually speak with the children and parent. *See, e.g.*, *S.C. Dep't of Soc. Servs. v. Nelson*, 419 S.C. 142, 147-48, 795 S.E.2d 871, 874 (Ct. App. 2016) (reversing TPR when the limited record did not reflect the family court had "an independent assessment of the children's needs or their bonding with [their m]other" as the GAL did not testify or submit a report); *S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009) (reversing TPR based in part on the fact that the GAL did not make an independent assessment when the GAL did not visit or interview the mother or the children and did not observe them interacting); *Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 103-04, 627 S.E.2d 765, 774 (Ct. App. 2006) (reversing TPR when the GAL failed to speak to the child about the father or talk to the father at all and the father "ha[d] done more than anybody [DSS's legal counsel had] ever seen to try to find his son and to maintain contact with the agencies that had his son"). However, this case is distinguishable from those cases because the GAL here made an independent assessment; interviewed and observed thirteen individuals, including Father and Children; and submitted her report to the family court. We acknowledge the best practice would be for the GAL to observe the parent and the children interact, but the GAL only had one opportunity to do so in this case. Ultimately, the GAL made an independent assessment as required by the statute, and her failure to observe Father with Children was a factor the court could consider when determining how much weight to give to her recommendation.

As to Father's contention that DSS must have identified a preadoptive home prior to the TPR hearing, we disagree. This court expressly stated in *South Carolina Department of Social Services v. Cameron N.F.L.*, 403 S.C. 323, 331, 742 S.E.2d 697, 701 (Ct. App. 2013), that it did not "believe DSS must identify a

pre[]adoptive home prior" to granting TPR. *See generally* S.C. Code Ann. § 63-7-1710(A)-(B) (2010 & Supp. 2018) (providing certain circumstances when DSS must file for TPR even when "an adoptive family has not yet been selected and approved"). Although DSS was not required to identify a preadoptive home before granting TPR, in determining if TPR is in the child's best interest, courts may consider as a *factor* whether the child is in a preadoptive home. *See, e.g.*, *Nelson*, 419 S.C. at 148, 795 S.E.2d at 874; *Cameron N.F.L.*, 403 at 330-32, 742 S.E.2d at 700-01.

Viewed from Children's perspective, we find TPR is in their best interest. *See Smith*, 343 S.C. at 133, 538 S.E.2d at 287 ("In a [TPR] case, the best interests of the children are the paramount consideration."); *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). We acknowledge Father made positive strides in the months preceding the TPR hearing. However, Father spent a significant portion of Children's lives in prison, used drugs off and on, did not have stable housing, had recently moved to a new city, and had tested positive for drugs only four months prior to the TPR hearing. The DSS caseworker indicated that although Father's sole visit with Children following his release from prison was positive, Father's contact with Children was minimal. Furthermore, the GAL and the caseworker indicated DSS had families interested in adopting Children, which could provide stability and permanency for Children. The caseworker also testified she believed TPR was Children's "best chance of permanency, safety, and a loving, stable environment." *See* § 63-7-2510 ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] whe[n] children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."). Accordingly, based on Father's lack of stability and Children's need for permanency, we find TPR is in their best interest.

**AFFIRMED.**[2]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.